UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH CUSHINGBERRY,

        Plaintiff,

v.                                                          Case No. 18-C-1496

RN MELISSA KRUG,
FROEDTERT HOSPITAL, and
FOX 6 NEWS,

        Defendants.

## SCREENING ORDER

Plaintiff Joseph Cushingberry, who is currently incarcerated at Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On September 26, 2018, the court directed Cushingberry to forward to the Clerk of Court the sum of $16.33 as an initial partial filing fee in this action. Rather than paying the initial partial filing fee, Cushingberry filed a motion for an extension of time to do so. It appears that Cushingberry lacks the funds to pay the initial partial filing fee at this time. Therefore, the court waives the initial partial filing fee, grants Cushingberry's motion to proceed without prepayment of the filing fee, and will screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is

required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). Cushingberry has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Cushingberry was directed to forward to the Clerk of Court an initial partial filing fee of $16.33, but because he lacks the funds to pay the initial partial filing fee, the court waives the initial partial filing fee and will grant Cushingberry's motion for leave to proceed without prepaying the filing fee. *See* 28 U.S.C. § 1915(b)(4).

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the

2

complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On June 24, 2018, Cushingberry was involved in an accident that caused him to sustain multiple injuries. After the accident, Cushingberry was transported to Froedtert Hospital for treatment, where he claims he was treated "unfairly and like a criminal." Cushingberry alleges that, while at Froedtert, he was chained to the bed and restricted from seeing his family. At one point, a man entered his room and said, "smile, [you're] going to be on the news." Cushingberry alleges that RN Melissa Krug released him from Froedtert after a short time and without knowing all of his injuries. Since the accident, Cushingberry has had persisting migraines, neck pain, and back pain.

## THE COURT'S ANALYSIS

Cushingberry has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Cushingberry has failed to state federal claims against RN Melissa Krug and Froedtert Hospital. An action under 42 U.S.C. § 1983 allows persons to seek relief when they are deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To violate § 1983, the defendant must be a state actor. *Tunca v. Lutheran Gen. Hosp.*, 844 F.3d 411, 413 (7th Cir. 1988). In this case, RN Melissa Krug and Froedtert Hospital are not "state actors" such that a constitutional claim under § 1983 can be brought against them. *See id.* at 413–14; *Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970–71 (7th Cir. 2016). That Froedtert Hospital may receive state funds is of no import. *See Blum v. Yaretsky*, 457 U.S. 991,

1011 (1982). Therefore, Cushingberry does not state federal claims against RN Melissa Krug and Froedtert Hospital.

Cushingberry has also failed to state a federal claim against Fox 6 News. Cushingberry seeks monetary relief from Fox 6 News for defamation. Defamation alone is not ordinarily cognizable under § 1983, such as when only reputation is at stake. *Pitts. v. City of Kankakee, Ill.*, 267 F.3d 592, 596 (7th Cir. 2001); *Smart v. Bd. of Trs. of the Univ. of Ill.*, 34 F.3d 432, 434 (7th Cir. 1994). Only where defamation causes the deprivation of a property or liberty interest may it support an action under § 1983. *Bone v. City of Lafayette, Ind.*, 763 F.2d 295, 299 (7th Cir. 1985). Here, Cushingberry does not allege that the defamation he underwent resulted in the deprivation of a property or liberty interest. Cushingberry also does not allege that the person who entered his room at Froedtert and asked him to smile publicized or otherwise communicated to others Cushingberry's involvement in the accident. *See Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007) (listing communication of a false statement to others as one of the three central elements of a Wisconsin defamation claim). Moreover, Cushingberry does not allege that the person who allegedly defamed him was associated with Fox 6 News. Accordingly, Cushingberry has failed to state a federal claim against Fox 6 News.

**IT IS THEREFORE ORDERED** that the plaintiff's obligation to pay the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to pay the initial partial filing fee (ECF No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Green Bay, Wisconsin this   16th   day of October, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.